LEONARD PEÑA (State Bar No. 192898)
JULIE A. SOMA (State Bar No. 180170)
lpena@penalaw.com
PEÑA & SOMA, APC
402 South Marengo Ave., Suite B
Pasadena, California 91101
Telephone (626)396-4000
Facsimile (626)498-8875

Attorneys for Plaintiff
Carolyn A. Dye, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:21-bk-13523 ER |
| URBAN COMMONS, LLC, | Chapter 7 |
| Debtor. | Adv. No. |
| CAROLYN A. DYE, Chapter 7 Trustee, | COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS |
| Plaintiff, | |
| v. | |
| NEW OMNI BANK, NATIONAL ASSOCIATION | [11 U.S.C. §§ 105, 502, 544, 550, 551 Cal. Civ. Code §§ 3439.04, 3439.05, 3439.07, 3439.09] |
| Defendant. | |
| | Date: [TO BE SET BY SUMMONS] |
| | Time: |
| | Place: Courtroom 1568 |
| | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

-1-

**TO THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE:**

Plaintiff Carolyn A. Dye the Chapter 7 Trustee (the "Plaintiff") for the bankruptcy estate of *Urban Commons, LLC* avers and complains, by way of this Complaint, as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE**

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the Trustee hereby alleges that the claims for relief in this complaint constitute core proceedings under 28 U.S.C. § 157(b)(2)(A), (B), (F), (K), and (O) and are related to the Debtor's bankruptcy case because the outcome of such claims for relief could have a significant effect on the estate. Regardless of the core or non-core nature of the claims for relief asserted herein, the Trustee consents to the entry of final orders and judgment by the Bankruptcy Court to the maximum extent permitted by applicable law. Defendant New Omni Bank, National Association ("Defendant") is hereby notified that Federal Rules of Bankruptcy Procedure ("FRBP") 7008 and 7012(b) require the defendant to plead whether each claim for relief asserted against the defendant is core or non-core and, if non-core, whether consent is given to the entry of final orders and judgment by the Bankruptcy Court.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

3. This adversary proceeding is brought pursuant to Rule 7001, et seq. of the FRBP and 11 U.S.C. §§ 105, 502, 544, 547, 548, 550 and 551 and Local Rules and Orders of the United States District Court for the Central District of California governing

the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code, including General Order No. 13-05, dated July 1, 2013.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with <u>In re Urban Commons, LLC</u> a chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District, Los Angeles Division (the "Court") as Case No. 2:21-bk-13523 ER (the "Bankruptcy Case").

5. Plaintiff consents to entry of final orders or judgment by the Court.

## **RELEVANT BACKGROUND, PARTIES, AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

6. The Bankruptcy Case was initiated by the filing of an Involuntary Petition against Urban Commons, LLC ("Debtor") on April 29, 2021 (the "Petition Date").

7. On June 24, 2021, the Order for Relief was entered in this case.

8. On June 24, 2021, the United States Trustee appointed Carolyn A. Dye, as the Chapter 7 Trustee.

9. Plaintiff brings this action solely in her capacity as chapter 7 trustee for the Debtor's estate and its respective creditors. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective

transfers or obligations under California or other applicable law before the Petition Date.

10.  Plaintiff was appointed as chapter 7 trustee after the Petition Date. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to her appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against defendants and to challenge and recover transfers made to or for the benefit of defendants in addition to those transfers alleged in this Complaint.

11.  The Trustee is informed and believes and based thereon alleges that Defendant New Omni Bank, National Association ("Defendant") is a national bank formed in California that is doing business in this state and is subject to the jurisdiction of this Court.  At all relevant times, the Defendant was the initial transferee of the transfers alleged herein or was the party for whose benefit the transfers were made and/or an immediate or mediate transferee of such initial transferee.

12.  With respect to the Defendant, during the period prior to the Petition Date, the Debtor made approximately 1 payments to the Defendant in the total aggregate amount of $41,213.08 during the four-year period prior to the Petition Date (the "Four-Year Transfers") See Exhibit "1" attached hereto.

/ / /

/ / /

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)

13.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full.

14.  Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers to or for the benefit of the Defendant.

15.  Plaintiff is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers (a) without receiving any reasonably equivalent value in exchange for the transfers, and the Debtor either (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

16.  Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the Four-Year Transfers were voidable under California Civil Code §§ 3439.04(a)(2) and 3439.07 by one or more creditors who held and hold unsecured claims against the Debtor that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include those creditors who are listed in the Debtor's schedules as holding undisputed claims or

-5-

who have filed proofs of claim against the Debtor's estate.

17.  Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Four-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of the Debtor's estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

## SECOND CLAIM FOR RELIEF

(Avoidance and Recovery of Voidable Transfers
Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and
California Civil Code §§ 3439.05 and 3439.07)

18.  The Trustee re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 17, inclusive, of this Complaint as if set forth fully herein.

19.  The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor made the Four-Year Transfers to or for the benefit of Defendant without receiving a reasonably equivalent value in exchange for the Four-Year Transfers because the Four-Year Transfers were made for no consideration.

20.  The Trustee is informed and believes, and on that basis alleges thereon, that the Debtor was insolvent at the time of the Four-Year Transfers or became insolvent as a result of the Four-Year Transfers in that the sum of the Debtor's debts exceeded all of the Debtor's assets.

21.  The Four-Year Transfers constitute voidable transfers under 11 U.S.C. §§ 544 and 550 and California Civil Code §§ 3439 et seq., and therefore, are avoidable by the Trustee.

**THIRD CLAIM FOR RELIEF**

[For Recovery and Preservation Of Transfer

11 U.S.C. §§ 550 and 551]

22.  Plaintiff realleges and incorporates herein by reference the allegations in paragraphs 1 through 22 of this Complaint, inclusive, as though fully set forth herein.

23.  Plaintiff is informed and believes, and based thereon alleges that Defendant is the initial transferee of the Four-Year Fraudulent Transfers, and to the extent it was not the initial transferee, it was the immediate or mediate transferee of the initial transferee of the Four-Year Fraudulent Transfers.

24.  Upon avoidance of the Four-Year Fraudulent Transfers, as alleged herein, Plaintiff is entitled to recover the Four-Year Fraudulent Transfers, together with interest at the applicable rate from the date of the Four-Year Fraudulent Transfers from Defendant as the initial transferee, the immediate or mediate transferee of such initial transferee, or as the entity for whose benefit the Four-Year Transfers were made, pursuant to 11 U.S.C. § 550 and to preserve them pursuant to 11 U.S.C. § 551.

**FOURTH CLAIM FOR RELIEF**

[For Disallowance of Claim - 11 U.S.C. § 502]

25.  Plaintiff realleges and incorporates herein by this reference the foregoing allegations in paragraphs 1 through 25 of this Complaint, inclusive, as though fully set forth herein.

26.  The Four-Year Transfers are recoverable from Defendant pursuant to 11 U.S.C. §550, and Defendant has not paid the amount of the Four-Year Fraudulent Transfers to the Plaintiff.

27.    Based on the foregoing, any and all claims of the Defendant against the Debtor must be disallowed pursuant to 11 U.S.C. § 502(d).

**RESERVATION OF RIGHTS**

28.   Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Four-Year Fraudulent Transfers, (ii) additional transfers, (iii) modifications of and revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

29.   Plaintiff reserves the right to bring all other claims for relief that Plaintiff may have against the Defendant, on any and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to any proof of claim filed by the Defendant. Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by the Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment as follows:

A. On the First and Second Claims for Relief: A judgment in favor of Plaintiff and against Defendant (1) avoiding the Four-Year Transfers, (2) entitling Plaintiff to recover from Defendant the Four-Year Transfers or the value thereof, for the benefit of the estate, and (3) entitling Plaintiff to recover from Defendant attorneys' fees and expenses incurred in

connection with the claims asserted herein to the extent allowable under applicable law;

    B. On the Third Claim for Relief: A judgment that Plaintiff is entitled to recover and preserve the Four-Year Transfers, or the value thereof, from Defendant under 11 U.S.C. §§ 550 and 551;

    C. On the Fourth Claim for Relief: A judgment in favor of Plaintiff and against Defendant disallowing any and all claims of the Defendant against Debtor;

    D. On All Claims for Relief: For such other and further relief as the Court deems just and proper.

DATED: June 16, 2023                    PEÑA & SOMA, APC

                                      By: /s/ Leonard Peña
                                              LEONARD PEÑA
                                              JULIE A. SOMA
                                              Attorneys for Plaintiff
                                              Carolyn A. Dye,
                                              Chapter 7 Trustee

# EXHIBIT "1"

Account number: **6977520649** ■ November 1, 2018 - November 30, 2018 ■ Page 3 of 4



**WELLS FARGO**

## Electronic debits/bank debits (continued)

| Effective date | Posted date | Amount | Transaction detail |
|---|---|---|---|
| | 11/16 | 100.00 | WT Seq180386 Urban Commons 2 West II /Bnf=Urban Commons 2 West II LLC Srf# Gb00000020548149 Trn#181116180386 Rfb# 11061 |
| | 11/16 | 100.00 | WT Seq180431 Urban Commons 2 West Op /Bnf=Urban Commons 2 West Operating Srf# Gb00000020547720 Trn#181116180431 Rfb# 11062 |
| | 11/16 | 100.00 | WT Seq181040 4th Street Upper Holdco /Bnf=4th Street Upper Holdco, LLC Srf# Gb00000020547895 Trn#181116181040 Rfb# 11063 |
| 11/21 | | 41,213.08 | WT Fed#01347 NEW Omni Bank, NA /Ftr/Bnf=NEW Omni Bank, N.A. Srf# 11/18 Loan Paymt Trn#181120180433 Rfb# 11069 |
| | 11/23 | 600,000.00 | WT Seq#85529 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# for Payroll Trn#181123085529 Rfb# 11077 |
| | 11/23 | 4,947.43 < | Business to Business ACH Debit - Consumer Lend/Op Loan Pymt 92800023160386 Wu Howard |
| | 11/26 | 9,472.22 | Pacific Premier at Trnsfer 181121 at External Transfer Pacific Premier Bank Acct 7 |
| | 11/27 | 10,000.00 | WT Seq121294 Mic, LLC /Bnf=Mic, LLC Srf# Uc Loan to Mic Trn#181127121294 Rfb# 11080 |
| | 11/27 | 6,088.93 < | Business to Business ACH Debit - American Express ACH Pmt 181127 A7106 Urban Commons |
| | 11/28 | 170,000.00 | WT Seq184242 Asset Investment Manage /Bnf=Asset Investment Management, LLC Srf# Gb00000020771156 Trn#181128184242 Rfb# 11087 |
| | 11/28 | 20,000.00 | WT Seq184248 Global Eb5 Capital Inve /Bnf=Global Eb5 Capital Investment, LLC Srf# Gb00000020770893 Trn#181128184248 Rfb# 11088 |
| | 11/28 | 100,000.00 | WT Seq184251 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000020771044 Trn#181128184251 Rfb# 11089 |
| | 11/29 | 1,600,000.00 | WT Seq149797 US Hospitality Investme /Bnf=US Hospitality Investments LLC Srf# Gb00000020799230 Trn#181129149797 Rfb# 11099 |
| | 11/30 | 5,000.00 | WT Seq232918 Queensway Holdco, LLC /Bnf=Queensway Holdco, LLC Srf# Gb00000020853019 Trn#181130232918 Rfb# 11101 |
| | | **$4,995,301.89** | **Total electronic debits/bank debits** |

< Business to Business ACH: If this is a business account, this transaction has a return time frame of one business day from post date. This time frame does not apply to consumer accounts.

## Checks paid

| Number | Amount | Date | Number | Amount | Date | Number | Amount | Date |
|---|---|---|---|---|---|---|---|---|
| 125 | 1,500.00 | 11/05 | 129 | 2,495.50 | 11/14 | 133* | 30,719.48 | 11/20 |
| 126 | 780.00 | 11/19 | 130 | 7,500.00 | 11/14 | 134 | 2,246.55 | 11/19 |
| 127 | 3,500.00 | 11/14 | 131 | 874.50 | 11/15 | 136* | 2,500.00 | 11/30 |
| 128 | 3,117.00 | 11/14 | | | | | | |
| | **$55,233.03** | | **Total checks paid** | | | | | |

\* Gap in check sequence.

| | $5,050,534.92 | **Total debits** |
|---|---|---|

## Daily ledger balance summary

| Date | Balance | Date | Balance | Date | Balance |
|---|---|---|---|---|---|
| 10/31 | 79,090.48 | 11/02 | 159,919.14 | 11/06 | 30,057.58 |
| 11/01 | 1,239,382.15 | 11/05 | 61,474.24 | 11/07 | 12,590.58 |